UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVILLE KING,

       Petitioner,

                                 Civil No. 07-CV-11194
                                 Criminal No. 90-CR-80594

vs.

                                 HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

       Respondent.

_____/

ORDER TRANSFERRING ACTION TO THE SIXTH CIRCUIT COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244 AND DENYING PETITIONER'S REQUEST FOR
IMMEDIATE RELEASE FROM CUSTODY (DOC. # 752)

      Before the court is petitioner's third *pro se* motion to vacate sentence brought under 28 U.S.C. § 2255. He asserts that new Supreme Court authority entitled Hicks v. United States, "06-30193, CR93-00002-4-a-HRH (2006)," mandates that the court vacate his sentence.

      Petitioner appears to be citing a recent Ninth Circuit decision, United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), a case where the defendant was convicted of two crimes. At sentencing, he received a period of incarceration for the underlying drug conviction, which was enhanced for possession of a weapon, and also received a consecutive sentence for using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In the instant case, petitioner was

convicted of conspiracy to distribute controlled substances; no separate charge was brought under § 924(c).  <u>Hicks</u> is not on point here.

In any event, when a second or successive 28 U.S.C. § 2255 motion is filed, it is subject to the same requirement as second or successive habeas corpus petitions.

> * * * *
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The referenced provision in 28 U.S.C. § 2244 states:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Accordingly, the court hereby ORDERS the Clerk of the Court to transfer the matter to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, which allows the transfer of an action to the court in which the action could have been brought at the time it was filed or noticed.  Petitioner should note, however, that the transfer alone does not constitute compliance with § 2244(b)(3)(A) (above).

The court further DENIES petitioner's request for immediate release from custody.[1]

IT IS SO ORDERED.


Dated: March 26, 2007

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 26, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[1] This request was located only in the caption of the motion.