UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVILLE KING,

        Petitioner,

vs.

        Criminal No. 90-CR-80594

        HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582 (DOC. # 755)

Petitioner premises this motion on a provision in the statute found at 18 U.S.C. § 3582, specifically subsection 3582(c), entitled "Modification of an imposed term of imprisonment." That provision is set forth below:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Petitioner requests that the court "discharg[e] him from custody," because the U.S. Sentencing Commission intended retroactive application of its "Amendment 599," citing United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007). Petitioner asserts that the cited amendment modified the United States Sentencing

Guidelines applicable to § 924(c) offenses, and that he is therefore entitled to a sentence reduction.

As this court pointed out in its order of March 26, 2007, the Hicks case is not on point here.  In Hicks, the defendant received a period of incarceration at sentencing for an underlying drug conviction, which was enhanced for the possession of a weapon, and *also* received a consecutive sentence for using and carrying a firearm during and in relation to a drug trafficking crime, as contemplated by 18 U.S.C. § 924(c).  Although not the focus of the opinion, the Ninth Circuit described how, pursuant to the then recent Amendment 599 of the Sentencing Commission, the district court had removed the two-level enhancement for firearm possession, because that same firearm was a part of the offense that constituted the defendant's § 924(c) conviction.

In King's case, however, there was no separate charge brought under § 924(c). For this reason, neither the U.S.S.C. amendment nor Hicks lends any support to petitioner's claim.  Accordingly, petitioner's motion is without merit and is hereby DENIED.

IT IS SO ORDERED.

Dated:  July 2, 2007

                                                S/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 2, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

2